THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
LEROY K. SCHOLTEN *et al.*, Defendants-Appellees.

Second District No. 2—87—1018

Opinion filed September 29, 1988.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and
Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Of-
fice, of counsel), for the People.

Stephen J. Culliton, of Civinelli, Bakalis & Culliton, of Bloomingdale,
for appellees.

JUSTICE REINHARD delivered the opinion of the court:

The State appeals pursuant to Supreme Court Rule 604(a) (107 Ill.
2d R. 604(a)) from an order of the circuit court of Du Page County
which granted a pretrial motion to suppress evidence filed by defend-
ants, LeRoy K. and Beth Anne Scholten. The sole issue presented is
whether the warrantless search by police seeking evidence of gam-
bling activities on premises possessing a liquor license was proper.

Defendants were charged in a three-count indictment with the of-
fenses of gambling (Ill. Rev. Stat. 1987, ch. 38, par. 28—1(a)(6)), keep-
ing a gambling place (Ill. Rev. Stat. 1987, ch. 38, par. 28—3), and con-
spiracy to commit the offense of gambling (Ill. Rev. Stat. 1987, ch. 38,
par. 8—2). Defendants filed a motion to suppress evidence which al-
leged that evidence was obtained in a warrantless search in violation
of their fourth amendment rights. The parties stipulated to the fol-
lowing facts:

"(a) The Brookwood Country Club is a private club located in the County of Du Page, State of Illinois.

(b) The owner or owners of the Brookwood Country Club at all times relevant herein were the holders of a license for the sale at retail of alcoholic liquor on the premises of the Brookwood Country Club.

(c) On January 25, 1987, [defendants] rented the Brookwood Room, a separate area contained within the Brookwood Country Club, for the purpose of having a private Super Bowl party at that location.

(d) Sgt. D. Koletsos at all times mentioned herein was a peace officer for the City of Wood Dale and would testify as follows:

On January 25, 1987, he received a call from Mr. Dave Lyons, who is a Du Page County Corrections Officer who had been employed by Brookwood Country Club on January 25, 1987, on an off-duty basis to work the door of the club. Mr. Lyons advised that the door to the club was locked, denying access to the interior of the club. He was given instructions from the General Manager of the club not to admit anyone to the club who did not have an invitation to the club. Mr. Lyons said he became suspicious when a patron came to the door and advised him that he was there for the numbers. Mr. Lyons then went into the club and spoke with the coat check girl who stated she was surprised that he was working because there was gambling going on in the club. He then went to the receptionist who stated that she was surprised he was there and advised him that there was gambling going on inside. Upon hearing this, Mr. Lyons left the club and ultimately contacted Sgt. Koletsos. Koletsos then contacted Attorney Kathleen McCarthy of the Du Page County State's Attorney's office, who was handling felony screening. He advised her of the facts of the case and inquired if a search warrant was needed to search the club for gambling violations. After speaking with her, she advised that she felt that all Koletsos had for probable cause for a search warrant was someone else's conclusion that gambling was, in fact, going on in the club. She further stated that she would need to know the exact words said by the patrons entering the club as well as the exact conversation Lyons had with the coat check girl and the receptionist. She further wanted to know if the receptionist had access to the interior of the club and also wanted Koletsos to go to the club and personally

speak with the parties involved.

Subsequently Koletsos advised Ms. McCarthy that a liquor check would be made on the premises. Koletsos and other police officers then went to the country club where they found the front door locked and could not be opened from the outside. Koletsos knocked on the door and alerted the coat check girl to open the door for all the officers. He then went to the Brookwood Room, which was not closed off by a door, and observed several hundred people in the Brookwood Room. He went to the bar and spoke with two bartenders who advised that everything was alright and peaceful. While walking in the room between the tables, Koletsos observed certain items which he seized and the State intends to introduce into evidence.

(e) Dan Callahan, a peace officer for the City of Wood Dale, would testify he was advised by Sgt. Koletsos that the shift was going to conduct a raid on the Brookwood Country Club and a sledge hammer was brought in case it was needed to gain entry."

The stipulation was orally amended at the hearing on the motion to add that Dave Lyons was given a list of squares and instructed to admit persons with an invitation or whose name appeared on the list of squares.

After hearing arguments on defendants' motion to suppress, the trial court granted the motion to suppress, finding that the entry was warrantless and that the officers entered, not to inspect for a liquor violation, but to determine if gambling occurred on the premises.

The State contends on appeal, as it did below, that because the Brookwood Country Club was licensed by the State and by the City of Wood Dale to sell alcoholic beverages, it was subject by State statute to inspection and search without a warrant. The State further maintains that, even if the search was, as the trial court found, pursuant to the belief that gambling offenses were occurring on the premises, the legislative policy is that liquor licensees remain independent of gambling activities and that the interrelationship between regulation of liquor licensees and gambling on such premises justifies the warrantless search conducted herein.

In support of its contention that a warrantless search was permitted, the State cites section 10—8 of the Liquor Control Act of 1934 (Dramshop Act) (Ill. Rev. Stat. 1987, ch. 43, par. 190). Section 10—8 provides, in pertinent part, as follows:

"Whenever complaint is made in writing, verified by affidavit, to any judge of the circuit court, that complainant has just

and reasonable grounds to believe and does believe that alcoholic liquor is manufactured, possessed, kept for sale, used or transported, in violation of this Act, or any mash, still or other property designed for the manufacture of alcoholic liquor is possessed in any premises which are not licensed hereunder, (particularly describing and designating such property in the complaint), the judge may issue a search warrant as hereinafter provided; *provided, however, no search warrant shall be necessary for the inspection or search of any premises licensed under this Act,* and provided, further, that no search warrant shall be issued for the search of premises in use for residence purposes." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 43, par. 190.)

The State also cites in this court, although not referred to below, a City of Wood Dale ordinance which, in part, grants the local liquor commissioner the power to authorize law enforcement officers to enter licensed premises at any time to determine if any provisions of the ordinance or rules and regulations of the liquor commission are being violated. See Wood Dale, Ill., Municipal Code ch. 3, §3—201.

Defendants have not challenged the constitutionality of these provisions. Rather, they maintain that the trial court correctly found that the State's reliance on the statutory authority to search under the Dramshop Act was a ruse under the facts here where the search of the licensed premises was actually to determine if gambling offenses were being committed.

A trial court's ruling on a motion to suppress evidence will not be disturbed unless it is manifestly erroneous. (*People v. Hattery* (1985), 109 Ill. 2d 449, 468, 488 N.E.2d 513.) It is not contested by the State that the trial court's finding that the search was conducted to uncover gambling offenses, not liquor violations, was not supported by the evidence. Nor, on the other hand, do we have before us any claim by defendants that the State and city legislative provisions allowing warrantless searches are unconstitutional. The narrow issue before us is whether the warrantless search of the premises by the police seeking evidence of gambling activities under the pretext of a statute and ordinance authorizing warrantless administrative searches is proper.

The subject of administrative searches and the fourth amendment's prohibition against unreasonable searches in the context of a State's statutory regulatory scheme is analyzed in the United States Supreme Court case of *New York v. Burger* (1987), 482 U.S. 691, 96 L. Ed. 2d 601, 107 S. Ct. 2636. As previously indicated, defendants have raised no question as to the constitutionality of the statutory or

municipal scheme authorizing warrantless inspections and searches of alcohol-licensed premises. Directly controlling on the issue presented here, however, is the recent decision of our supreme court in *People v. Madison* (1988), 121 Ill. 2d 195, 520 N.E.2d 374, *petition for cert. pending* in United States Supreme Court, No. 87—2006.

In *Madison*, the court stated, in pertinent part, as follows:

"One of the fundamental principles of administrative searches is that the government may not use an administrative inspection scheme as a pretext to search for evidence of criminal violations. (See *Michigan v. Tyler* (1978), 436 U.S. 499, 56 L. Ed. 2d 486, 98 S. Ct. 1942; *Donovan v. Dewey* (1981), 452 U.S. 594, 69 L. Ed. 2d 262, 101 S. Ct. 2534; *Almeida-Sanchez v. United States* (1973), 413 U.S. 266, 37 L. Ed. 2d 596, 93 S. Ct. 2535; *Abel v. United States* (1960), 362 U.S. 217, 4 L. Ed. 2d 668, 80 S. Ct. 683.) Thus, if 'the primary object of the search is to gather evidence of criminal activity' a search warrant based on probable cause must be obtained. (*Michigan v. Clifford* (1984), 464 U.S. 287, 294, 78 L. Ed. 2d 477, 484, 104 S. Ct. 641, 647.) Here, the search was initiated not for the purpose of inspecting the records, as authorized by the statute, but in response to complaints about the condition of the premises. The clear implication is that the police were conducting the inspection as a pretext for placating defendant's neighbors or in order to find criminal violations." 121 Ill. 2d at 209-10, 520 N.E.2d at 381.

The undisputed evidence shows that the purpose of the search here was solely to look for gambling activities on the premises, not to further any purpose under the statute or ordinance regulating alcohol licensees. Thus, the evidence obtained pursuant to the warrantless search was properly suppressed.

While the State argues that liquor sales and gambling are interrelated social ills, as evidenced by the prohibition against granting of a license to a person who has been convicted of gambling under section 6—2(16) of the Dramshop Act (Ill. Rev. Stat. 1987, ch. 43, par. 120(16)), and this justifies the administrative search here, the contention is patently meritless considering that the statute does not authorize the search of licensed premises for gambling activities and that many other persons, as delineated in section 6—2, besides convicted gamblers, are not permitted to be liquor licensees. Although administrative schemes and penal laws could remedy the same social problem, the Supreme Court noted in *New York v. Burger* that administrative inspection could not be used as a "pretext" to enable law enforcement authorities to gather evidence of penal law violations. *New York v.*

*Burger* (1987), 482 U.S. 691, 716 n.27, 96 L. Ed. 2d 601, 623 n.27, 107 S. Ct. 2636, 2651 n.27.

The evidence obtained as a result of the abuse of the authority to inspect and search given by the statute and municipal ordinance was properly held inadmissible by the circuit court.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

WOODWARD and NASH, JJ., concur.